PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS MEDIAVILLA, known as LUIS VILLA, Defendant and Appellant.

No. 7350.   Argued February 2, 1939.—Decided March 31, 1939.

*R. Martínez Nadal & C. H. Juliá,* for appellant; *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Luis Mediavilla was found guilty of carrying weapons and sentenced to three months imprisonment by the District Court of Bayamón. He appealed from that judgment and assigns four errors, to wit:

"*First:* The judgment in this case is contrary to the evidence.

"*Second:* The lower court erred in finding him guilty of carrying a weapon in his own home.

"*Third:* The lower court erred in denying the reconsideration of this case.

"*Fourth:* Even if the court had decided that the defendant carried the weapon out of his house, it erred in finding him guilty, because the information alleges that he carried it in the house of Beatriz Marrero, and the proof shows he did so in his own farm."

To discuss the above errors it is necessary to see the information, which reads:

"The Prosecuting Attorney files a complaint against Luis Mediavilla, known as Luis Villa, for a violation of section 1 of the Law of June 25, 1924, prohibiting the carrying of weapons, misdemeanor, committed as follows:

"The said defendant about January 6, 1937, and in the home of Beatriz Marrero, in the ward of Palmarejo, of Corozal, within the Judicial District of Bayamón, Puerto Rico, illegally and wilfully carried a revolver, a weapon which may be used to inflict physical harm.

"This fact is contrary to law and to the peace and dignity of The People of Puerto Rico."

The appellant insists that the judgment is contrary to the law and to the evidence because, according to him, the revolver was carried in the home of Beatriz Marrero, and since the proof shows that that was also his own residence, the facts proved do not constitute an offense. It is true that the evidence shows that Luis Mediavilla lived with his mother-in-law, Beatriz Marrero, in her home, but it also appears from the testimony of the defendant himself that he, after firing the revolver at Juan Cosme within Beatriz' house, left that place carrying the revolver and that he threw it away in a plantation near Beatriz' house.

The defendant argues that in no case can he be convicted of carrying weapons because, admitting that he carried it outside of the house of Beatriz Marrero, there would be a variance between the information and the proof. True, there is a variance, but it is not material.

In the case of *Berger* v. *U. S.*, 295 U. S. 78, 79 L. ed. 1314, the Supreme Court of the United States established the rule in respect to variances between the information and the proof as follows:

"In *Washington & Georgetown R. Co.* v. *Hickey* 166 U. S. 521, 531, this court said that 'no variance ought ever to be regarded as material where the allegation and proof substantially correspond, or where the variance was not of a character which could have misled the defendant at the trial.' This was said in a civil case, it is true, but it applies equally to a criminal case if there be added the further requisite that the variance be not such as to deprive the accused of his right to be protected against another prosecution for the same offense." (Citations.)

In the case at bar the variance did not constitute a surprise, nor could it have misled the defendant, because it was he himself who testified that he left the house with the weapon.

Nor does it deprive him of his right to allege successfully his former jeopardy, if he were again accused for the same offense, because the facts of the case are clear and precise in regard to the place, date and occasion in which he illegally carried the weapon, and the defendant could easily identify the transaction by oral proof, if necessary. *Meyers* v. *U. S.,* 3 F. (2d) (C.C.A.) 379, 380.

From the evidence it does not appear that the plantation in which the defendant says he threw the revolver is on his grounds or those of his mother-in-law Beatriz Marrero. All the record contains on this point is the following:

"Q. And the revolver?

"A. I threw it between the house of Beatriz Marrero and that of Fernando Santiago, in a plantation of plantains." (Rec., p. 54.)

We know from the evidence that the accused had a tobacco plantation on Beatriz Marrero's lands, but it does not appear who was the owner of the plantain crop. Neither does the record disclose with what purpose the defendant left Beatriz' house after the crime. The record only shows that he went out and threw the revolver among the plantains but we cannot determine at what moment and in what occasion he got rid of the weapon, as the fact that he threw it there does necessarily mean that he left the house with that purpose and that he did so immediately thereafter. He may have thrown it away at any moment before the trial.

The case of *People* v. *Borges,* 23 P.R.R. 486, is not applicable. It was shown there that the defendant after using a revolver in the perpetration of a crime, went to the police station intending to surrender the weapon. It appeared clearly from the evidence in that case that at the moment when the weapon was seized he was carrying it for a legal purpose, that is, to hand it over to the authorities. But in this case, as we have pointed out, the intent of the defendant when he left the scene of the crime with the weapon does

not appear, nor can it be inferred from the evidence. And it is not shown whether he threw the weapon away at that time.

■ Section 1 of the Law to prohibit the carrying of arms, of 1905 (Comp. 1911, sec. 5994, as amended by Act No. 14 of June 25, 1924) (Extraordinary Session, page 114) says literally:

"Section 1. That any person unlawfully carrying any arm or instrument with which bodily injury may be caused, shall be punished by imprisonment for a term of from one to six months."

The law above quoted, as amended, specifies in its section 5 the cases to which it shall not be applicable, and the sixth and seventh determine who shall be authorized to carry weapons. So that those persons who carry arms and are not included within the provisions of sections 5, 6 and 7 of the law, as amended, commit a crime, and it is not necessary for The People to proof the intent in carrying the weapon as this is a matter of defense.

■ As the defendant, at the time when the crime was committed, was not authorized to carry weapons, and his case does not fall within the provisions of sections 5, 6 and 7 of the said Act, and as it does not appear that his case is an extraordinary one, as *People* v. *Borges,* supra, where it was shown that the accused carried the weapon with a legal purpose at the moment when it was seized, it must be concluded that the weapon was being carried ilegally and consequently the lower court did not commit any error in finding him guilty of said offense.

Mr. Justice Hutchison dissented.